## (November 18, 1966)

■ In the Matter of the Claim of RITA LA POLLA, Respondent, v. COMMODORE HOTEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The sole question to be determined is whether claimant's accident arose out of and during the course of employment. Claimant was an employee of the Commodore Hotel in New York City. On November 23, 1964, having completed her work for the day, she started on her way home, and left the hotel by means of the employees' entrance which opened into the Grand Central Terminal. This exit was the only one available to employees for their use in leaving the hotel. As the claimant proceeded she was assaulted by two men who knocked her down. The exact place where the assault occurred is not readily ascertainable from the record nor was it clearly found by the board, and the record should be further developed in this respect. The board found that the ramp was an extension of the employer's premises, and that claimant was "within the precincts of the employment at the time of the accidental injury". Decision reversed, and case remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith to determine the locus of the assault and its relative position to the exit door of the employer, without costs. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD A. BENNETT, Appellant.— Motion for permission to proceed as a poor person granted. The appeal may be perfected upon one typewritten copy of the record and six typewritten copies of the brief and appendix. Peter A. Daniels, Esq., 89 Main Street, Binghamton, assigned to represent defendant upon this appeal, pursuant to section 722 of the County Law. Cross motion to dismiss appeal, from order denying motion to vacate judgment of conviction rendered in County Court of Broome County on November 19, 1953, and sentence as a second felony offender imposed in such court on October 29, 1962, denied. We need not determine, on this motion, whether such application was properly made pursuant to section 1943 of the Penal Law (see *People* v. *Machado,* 17 N Y 2d 440; *People* v. *Jones,* 17 N Y 2d 404). The order, insofar as it denied defendant's application to vacate the prior conviction, is appealable (Code Crim. Pro., § 517). Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.